E. G. ROBIE AND OTHERS v. A. MILLER McDOUGALL.[1]

March 6, 1931.

No. 28,349.

*Courtney & Courtney,* for appellants.
*William P. Harrison,* for respondent.

HOLT, J.

The appeal is from an order filed June 21, 1930, modifying nunc pro tunc a judgment entered on March 10, 1930, against respondent

[1]Reported in 235 N. W. 384.

for $1,220.53 to $243.35, and from an order filed October 3, 1930, again modifying the judgment nunc pro tunc to $146.30.

The litigation had its origin in a judgment for $6,246 against the Northern Fish Company, upon which execution issued and was returned unsatisfied. Thereafter E. G. Robie purchased the judgment and began an action for the appointment of a receiver to enforce the double liability of the stockholders of the Northern Fish Company. E. G. Robie was appointed and qualified as such receiver and brought, the action, after the court had duly directed a 100 per cent assessment, against the four stockholders. Respondent answered that he was the owner of 90 shares as alleged in the complaint and admitted liability for $9,000. Findings were filed December 20, 1921, directing judgment for the amount of stock held by each with interest from September 30, 1920. Judgment was entered against the three stockholders, but under an agreement with respondent no judgment was entered against him, though costs were taxed. Under the agreement, respondent, on January 19, 1922, paid plaintiff $8,000 and was credited with a creditor's dividend check in the sum of $853.70. Matters remained thus until February 3, 1930, when plaintiff obtained an order to show cause why judgment should not be entered on the findings against respondent for $146.30 with interest thereon at six per cent per annum since August 30, 1920. When one of plaintiff's attorneys attempted to serve this order upon Mr. High, who had answered for respondent more than nine years before, he was informed that Mr. High deemed himself without authority to accept service or appear for respondent, but undertook to advise respondent, who then resided in Detroit, Michigan, of what was attempted. He did so. Prior thereto and on January 28, 1930, appellants, by Courtney & Courtney, wrote respondent:

"You are now indebted to the receiver for the difference, or $146.30, aside from the question of interest and costs, which we will waive. Please send a check for this amount so that we can have the matter closed up."

Respondent, on his return to Detroit, February 8, 1930, promptly mailed his check for the amount stated to the appellants mentioned.

Apparently appellants abandoned the order to show cause, and on March 8, 1930, without notice to respondent, procured an order from Judge Kenny directing judgment to be entered on the findings of December 20, 1921, and pursuant thereto judgment was entered against respondent on March 10, 1930, for $1,220.53. On May 31, 1930, a motion by respondent to amend that judgment was duly heard by Judge Kenny and an order filed therein on June 21, 1930, modifying such judgment reducing it to $243.35 nunc pro tunc.

Later both parties moved Judge Grannis to modify this judgment, appellants moving to have it restored to $1,220.53, and respondent moving for judgment in his favor and, failing therein, to have it modified to $146.30. The hearing resulted in an order filed October 3, 1930, denying appellants' motion and granting respondent's to the extent of modifying the judgment to the last mentioned sum.

It should also be stated that on February 1, 1930, when a hearing was had on his final account and on his petition for allowance of his own fees and for attorney's fees, the receiver testified that there was one item not mentioned in the final account and settlement that should be enforced, namely, a claim against respondent for $146.30. With this claim there was a total balance for distribution of about $1,600, all of which the court withdrew from the creditors and by order filed February 14, 1930, allowed the receiver and his attorneys, the appellants, to retain as additional compensation in the receivership and directed the receiver to assign the same to appellants. Thereafter on April 3, 1930, the receiver was discharged.

If the decision of Judge Grannis, filed October 3, 1930, be sustained, we need not consider whether the appeal from the order of Judge Kenny, filed June 21, 1930, was timely or was erroneous, for it is then, from every point of view, defunct. The learned trial court thought that, considering all the circumstances, when appellants requested a check for $146.30 and promptly received it they should be estopped from making further claim.

Among the circumstances to be considered, attention may be called to· these: The two principal stockholders in the Northern Fish Company were respondent and Boak, each holding 90 shares. Of the other two, one held 15 shares and the other five. Respondent was a large creditor, his claim being allowed at $8,537. We take it that the only stockholder who sought to evade paying the assessment was Boak. When the judgment was entered on the findings against the stockholders other than respondent in 1922, there was some understanding between the receiver, his attorneys, and respondent for an adjustment or settlement of the latter's liability without the necessity of the entry of judgment, but on condition that he pay $8,000. It was then thought that enough would be realized for the creditors, among whom was respondent, to make up the balance of the assessment against him. Appellants have compromised with each of the other shareholders except perhaps with one who paid in full. And although findings had been filed for judgment, there is nothing that occurs to us which would prevent appellants from compromising and settling claims whether in favor of or against the insolvent company. What disappointed all concerned was the bitter and long-continued litigation with Boak, from which no more was realized than a compromise for $1,800, a greater part of which is still unpaid.

Upon what was testified to at the hearing on the allowance of the receiver's final account and the affidavit of respondent, the court could then well conclude that according to the final adjustment of the agreement under which respondent paid the $8,000 there was only $146.30 more coming from respondent, and that sum or claim was all that was intended to be set over to appellants as fees. That appellants so understood the transaction Judge Grannis could certainly infer from the letter written by Courtney & Courtney to respondent requesting payment of that sum by check. And the prompt sending of the check comes near being a valid, closed transaction. Appellants cannot hope to· convince the court that there was any mistake about the interests or costs or of the length of time that had elapsed since the findings were filed.

Appellants contend that by the findings of December 20, 1921, the receiver's demand against respondent became a liquidated claim and hence any compromise thereof for less than the full amount would be without consideration and unenforceable, citing 1 Dunnell, Minn. Dig. (2 ed.) § 39, and the cases therein referred to. And so it would be, were the findings all to be considered; but it is clear that some agreement between appellants and respondent was made whereby entry of judgment against respondent was postponed in view of an adjustment, either tentative or final—the parties differ. Appellants knew the situation, and they as well as respondent expected that enough would be realized out of the assets of the corporation to pay the amount due from respondent above the $8,000 paid and to pay appellants a good compensation for their services. Appellants also knew that they could not expect adequate remuneration for their future work unless the assessment against Boak could be enforced. So far as appears they pursued Boak on their own judgment and responsibility—respondent did not urge them to do so, although it is to be inferred that a full collection from Boak would be to respondent's interest.

And further, of most significance, is the fact that when the receiver's final account and the fees of the receiver and his attorneys were fixed by the court, it was understood and accepted by all of the appellants that the only demand against respondent was then $146.30; and a demand in that amount, and not the cause of action in the stockholder's suit embodied in the findings of December 20, 1921, was ordered to be assigned to appellants. When to this is added the fact that, with full knowledge of all which preceded, appellants requested a check for that amount and it was promptly remitted, the court below rightly considered that appellants were estopped from entering a judgment for more. The receipt of the check should have closed the matter.

It is to be regretted that appellants cannot be adequately compensated for services faithfully and ably rendered, but they well knew that compensation for the work in the Boak litigation depended wholly on the money that could be recovered thereby.

The order of October 3, 1930, is affirmed.